IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3005-FL

| | |
|---|---|
| SEAN ROBERT FRANCIS AND DANIEL H. KING, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>TRACY JOHNS; DEBORAH A. GONZALES; CANDICE GREGORY; KAREN STEINOUR; AND THE FEDERAL BUREAU OF PRISONS, )<br>)<br>Defendants. ) | ORDER |

This matter comes before the court on the motion to dismiss, or in the alterative, motion for summary judgment[1] (DE # 29) pursuant to Federal Rule of Civil Procedure 56 filed by defendants the Federal Bureau of Prisons ("BOP"), Deborah A. Gonzales ("Gonzales"), Candice Gregory ("Gregory"), Tracy Johns ("Johns"), and Karen Steinour ("Steinour"). Also before the court are the motion for a restraining order (DE # 33) and motion to amend (DE # 34) filed by plaintiff Daniel H. King ("King"). King did not respond to defendants' motion and defendants did not respond to King's motions. In this posture, these matters are ripe for adjudication. For the following reasons, the court denies defendants' motion for summary judgment and plaintiff's motion for a temporary restraining order. The court, however, grants plaintiff's motion to amend.

---

[1] Because defendants attached matters that are outside of the pleadings, the court construes their motion as a motion for summary judgment.

## STATEMENT OF THE CASE

On January 14, 2011, King and plaintiff Sean Robert Francis ("Francis"), civil detainees, confined at the Federal Correctional Complex in Butner, North Carolina ("Butner") awaiting a hearing on the government's petition for their commitment pursuant to 18 U.S.C. § 4248, filed this action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiffs raised multiple claims arising from their detention at Butner, and their conditions of confinement. The court subsequently granted Francis' motion for voluntary dismissal.

On February 17, 2012, defendants filed a motion for summary judgment, arguing that King's claims should be dismissed because he failed to exhaust his administrative remedies prior to filing this action. Although he was notified of defendants' motion, King did not respond. King, however, did file a motion for a restraining order and a motion to amend his complaint. Defendants did not respond to King's motions.

## DISCUSSION

A. Motion for a Temporary Restraining Order

A temporary restraining order is an extraordinary remedy which should not be granted unless there is a clear showing of both likely success and irreparable injury. The Real Truth About Obama, Inc. v. Federal Election Commission, 575 F.3d 342, 345 (4th Cir. Aug. 5, 2009), vacated on other grounds, 130 S.Ct. 2371 (2010). The United States Supreme Court has stated that the movant must establish the following to obtain a temporary restraining order: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008); The Real Truth About Obama, Inc.,

575 F.3d at 346. King has failed to demonstrate irreparable harm, or any of the other requirements necessary to obtain relief. Therefore, Kings's motion is DENIED.

B. Motion to Amend

King moved to amend his complaint to supplement his allegations. The court allows King's motion to amend his complaint. See Fed.R.Civ.P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962).

C. Motion for Summary Judgment

1. Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

2. Analysis

Defendants raise the affirmative defense that plaintiff failed to exhaust his administrative remedies before filing this action. See Jones v. Bock, 549 U.S. 199, 216 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). The Prisoner Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other

3

Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 84 (2006). Exhaustion is mandatory. Woodford, 548 U.S. at 84; Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."); Anderson, 407 F.3d at 677. A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

King is a civil[2] detainee, and not subject to the PLRA's mandatory exhaustion requirements. See Hicks v. James, 255 Fed. App'x 744, 748 (4th Cir. 2007) (per curiam) (collecting cases); Michau v. Charleston County, S.C., 434 F.3d 725, 727-28 (4th Cir. 2006) (a person detained under South Carolina's Sexually Violent Predator Act "does not meet the PLRA's definition of 'prisoner'" and is not required to exhaust administrative remedies). In opposition to this conclusion, defendants cite McCarthy v. Madigan, 503 U.S. 140, 144 (1992), for the proposition that "where Congress has not clearly required exhaustion, sound judicial discretion governs." Unfortunately, defendants' argument is foreclosed by the Fourth Circuit's specific and repeated holding to the contrary. See, e.g., Hicks, 255 Fed. App'x at 748; Michau, 434 F.3d at 727-28; see also Talamantes v. Leyva, 575 F.3d 1021, 1024 (9th Cir. 2009) ("Although many policies support the PLRA's exhaustion requirement with respect to the currently imprisoned, general policies – even if they could be applied to former prisoners – do not trump the plain language of the statute . . . . Therefore, we join our sister circuits in holding that only those individuals who are prisoners (as defined by 42 U.S.C. § 1997e(h)) at the

---

[2] There is no question that proceedings under 18 U.S.C. § 4248 are civil, not criminal matters. See United States v. Timms, 664 F.3d 436, 456 (4th Cir. 2012); United States v. Broncheau, 645 F.3d 676, 683 (4th Cir. 2011).

4

time they file suit must comply with the exhaustion requirements of 42 U.S.C. § 1997e(a)."). Thus, the court DENIES defendants' motion for summary judgment.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss, or in the alternative, for summary judgment (DE # 29) and plaintiff's motion for a temporary restraining order (DE # 33) are DENIED. However, King's motion to amend (DE # 34) is GRANTED.

SO ORDERED, this 6 day of June, 2012.

LOUISE W. FLANAGAN
United States District Judge